UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENITO RIVERA GALVEZ,
Plaintiff,

-v.-

A MODO NOSTRO LLC et al.,
Defendants.

26 Civ. 1477 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

The Court has been informed that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. A proposed settlement has been submitted for the Court's approval. *See* ECF No. 18. The proposed settlement provides for an aggregate payment of $20,000 in connection with Plaintiff's FLSA and New York Labor Law claims, with (1) $12,577 to be apportioned to Plaintiff, and (2) the remainder ($7,423) allocated to Plaintiff's counsel, Helen F. Dalton & Associates, P.C., in attorneys' fees and costs. *See* ECF No. 18-1 ¶ 1(a).

The Court has reviewed the terms of the proposed settlement and finds them to be fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).

Regarding the proposed settlement's release of claims, "[t]he parties have every right to enter into a settlement that waives claims relating to the existing suit in exchange for a settlement payment." *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). In the proposed settlement agreement, Plaintiff unilaterally releases "causes of action, suits, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), whatsoever at law or in equity ('claims'), which were alleged in the Complaint filed in this action." ECF No. 18-1 ¶ 7. "To be sure, th[is] release language [is] broad. But critically, this broad language is . . . limited

to matters relating to 'conduct set forth in the Lawsuit. . . .' [I]t does not 'purport to waive practically any possible claim against . . . [D]efendants, including . . . claims that have no relationship whatsoever to wage-and-hour issues.' Therefore, the Court is satisfied that the [] release passes muster." *Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15 Civ. 2899 (KMK), 2016 WL 1688014, at *3 (S.D.N.Y. Apr. 27, 2016) (quoting *Lopez*, 96 F. Supp. 3d at 181); *see also Sanchez v. Cosan Constr. Corp.*, No. 22 Civ. 8420 (KMK), 2026 WL 915307, at *4 (S.D.N.Y. Apr. 3, 2026) (approving settlement agreement where "it appears that the release of claims under the Proposed Settlement Agreement is limited to those claims and demands that were asserted in this Action"); *Perez v. Ultra Shine Car Wash, Inc.*, No. 20 Civ. 782 (KMK), 2022 WL 2129053, at *4 (S.D.N.Y. June 14, 2022) (same).

Plaintiff also seeks approval of $6,288.50 in attorneys' fees and $1,134.50 in costs (i.e., $7,423 in total). ECF No. 18 at 5. The attorneys' fees represent a 1/3 percentage fee of Plaintiff's total recovery after costs, based on "a retainer agreement that is reduced to writing" between Plaintiff and his counsel. *Id.*; *see* ECF No. 18-2 (counsel expense records for a $405 filing fee and a $729.50 service fee). "Although the proposed award of attorney[s'] fees is high relative to the size of the Plaintiff['s] claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney[s'] fee award is based on an agreement between Plaintiff and her attorney." *Narvaez v. Hudson Park NY LLC*, No. 24 Civ. 8531 (JMF), 2025 WL 2494848, at *1 (S.D.N.Y. May 14, 2025) (citing *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney—i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation." (citation

omitted))); *see* ECF No. 18-4 (Retainer Agreement) at 1 ("In consideration of the services rendered and to be rendered . . . the undersigned agrees to pay to Helen F. Dalton & Associates, P.C. and authorizes them to retain out of the monies that may come into their hands, whether recovered by settlement, judgment, or otherwise[,] 33 & 1/3 % (1/3) of the gross recovery.").

In any event, courts in this Circuit typically approve attorneys' fees that range from 30% to 33% of the total recovery, plus documented costs. *See, e.g.*, *Moore v. FQSR, LLC*, No. 24 Civ. 5835 (VSB), 2026 WL 981496, at *1, *5 (S.D.N.Y. Apr. 13, 2026) (describing the "attorneys' fee award [of] one-third of Plaintiff's total recovery . . . [as] typical in this Circuit" and approving settlement that provided for recovery of both fees and costs); *Prudente v. Prosperity 89 Inc.*, No. 18 Civ. 6796 (RA), 2021 WL 1791334, at *1 (S.D.N.Y. May 5, 2021) (noting that fee arrangements "of one-third of FLSA settlement amount, plus costs" are "routinely approved by courts in this Circuit" (quoting *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (Bloom, Mag. J.)); *Khatri v. Rytebox, LLC*, No. 25 Civ. 7167 (JMF), 2026 WL 522977, at *1 (S.D.N.Y. Feb. 25, 2026) (deeming "attorneys' fees in the amount of 33 1/3% of the recovery . . . appropriate"); *cf. Hall v. City of New York*, No. 22 Civ. 10193 (BM), 2025 WL 1795943, at *3 (S.D.N.Y. June 30, 2025) (Moses, Mag. J.) (approving attorneys' fee award of one-third of the gross settlement, but denying costs where plaintiffs had "failed to document any of the additional expenses for which they request reimbursement"). In concluding that "attorney[s'] fees in the amount of one-third of the recovery is appropriate here," "the Court makes no findings with respect to the reasonableness of counsel's hourly rate or the reasonableness of the hours that counsel devoted to the case." *Narvaez,* 2025 WL 2494848, at *1; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (commenting that "the trend in this Circuit is

toward the percentage method" but noting that the Second Circuit "has never . . . demand[ed] a single method for calculating attorneys' fees").

Accordingly, the proposed settlement is approved, and the case is hereby DISMISSED with prejudice. The Court shall retain jurisdiction solely to resolve any disputes arising from the settlement agreement and the settlement of this action.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 9, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge